UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY RIVERA, | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
|  | ) | No. 10-10755-WGY |
| KERIN BERGERON, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER
ON PETITION FOR WRIT OF HABEAS CORPUS**

YOUNG, D.J.                                                December 17, 2010

## I.   INTRODUCTION

On May 11, 2000, a Suffolk County grand jury indicted Anthony Rivera ("Rivera") on one count of second degree murder in violation of Massachusetts General Laws chapter 265, section 1. On June 23, 2003, a jury convicted Rivera of second degree murder before then-Associate Justice Barbara J. Rouse of the Massachusetts Superior Court. Rivera's co-defendant, Jesus Rodriguez ("Rodriguez"), was convicted of being an accessory after the fact. Rivera was sentenced to life in prison.

Rivera appealed his conviction to the Massachusetts Appeals Court, which affirmed the conviction on March 3, 2009. Commonwealth v. Rivera, No. 06-P-1401, 2009 WL 510512 (Mass. App. Ct. March 3, 2009). He filed an application for leave to obtain

further appellate review in the Massachusetts Supreme Judicial Court; the Supreme Judicial Court denied that application on April 29, 2009. Commonwealth v. Rivera, 453 Mass. 1111 (2009) (table).

On April 27, 2010, Rivera filed this pro se petition for habeas corpus pursuant to 28 U.S.C. section 2254. He asserts two nearly identical grounds for relief in his petition. In essence, he claims that the jury instruction given by the trial judge was confusing and made it seem as though proof of the absence of provocation sufficed to satisfy the government's burden of proving the malice element of second degree murder.

## II. FACTUAL BACKGROUND[1]

Around noon on February 25, 2000, Shawn Holman ("Holman") was driving his Mazda Miata on Washington Street in the Dorchester area of Boston. A gray Toyota struck and damaged the rear of Holman's vehicle and then drove off. Initially, Holman was unable to follow the Toyota.

Holman then picked up Kareem Holmes ("Holmes"), the victim, and continued to search for the Toyota. They located the Toyota parked on the side of the road in the area where the incident had originally occurred. Holman got out of his vehicle to record the Toyota's license plate and vehicle identification numbers. A gray Ford Taurus station wagon driven by Rodriguez and carrying Rivera stopped near Holman. Rodriguez accused Holman of hitting

---

[1] This recitation of facts is drawn from the decision of the Massachusetts Appeals Court. Commonwealth v. Rivera, No. 06-P-1401, 2009 WL 510512 (Mass. App. Ct. March 3, 2009).

2

his vehicle and driving away.  Rodriguez, Holman, and Rivera argued, then Rivera drove away in the Toyota; Rodriguez drove away a few minutes later in the Ford.

Holman decided to search for the two men and found them shortly later in the Ford; Rodriguez was driving and Rivera was riding as a passenger.  Rodriguez told Holman to follow them to get the paperwork for the Toyota.  As they were driving, at one point Holmes, who was still riding with Holman, attempted to lean out the window and stab the tires of the Ford.  The two cars sped to Logan Airport, where they crashed near the upper level of the American Airlines terminal.  Holman positioned his Miata to block the Ford from leaving.

Holmes got out of the Miata, and Rivera got out of the Ford. Two independent eyewitnesses testified that Holmes walked toward Rivera with his hands raised; the witnesses stated that Holmes held nothing in his hands.  Rivera approached Holmes and stabbed him in the chest.  Rivera and Rodriguez then fled the scene in the Ford but were later located by police based on information provided by Holman.  Holmes was hospitalized in a persistent vegetative state following the incident and died on April 27, 2000.

### III. ANALYSIS

This Court may only grant a petition for habeas corpus if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States . . . ." 28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000).  Likewise, a state court decision is an "unreasonable application" of federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Id. at 407-08.

A federal court will not review a question of federal law presented in a petition for habeas corpus if the state court's decision rests upon an independent and adequate state law ground. Cone v. Bell, 129 S. Ct. 1769, 1780 (2009).  A petitioner's procedural default of a claim due to his failure to comply with a state contemporaneous objection rule constitutes an independent and adequate state ground for the state court's decision.  See Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  Because of the comity and respect owed to the judgments of state courts, "claims procedurally forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error." House v. Bell, 547 U.S. 518, 536 (2006).  The merits of a petitioner's defaulted claim may also be considered if the petitioner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).  A petitioner can meet this second exception by showing

4

that he is actually innocent of the underlying offense. See Lynch v. Ficco, 438 F.3d 35, 45 (1st Cir. 2006).

Here, Massachusetts has a long-standing contemporaneous objection rule. See Commonwealth v. Fluker, 377 Mass. 123, 131 (1979). Rivera failed contemporaneously to object to the jury instructions. Rivera, 2009 WL 510512, at *2. Were this procedural default the ground for the Massachusetts Appellate Court's decision, Rivera must show good cause for and prejudice resulting from the default or demonstrate his actual innocence in order to raise the claim before this Court. House, 547 U.S. at 536; Lynch, 438 F.3d at 45. Rivera has not asserted any cause for the failure contemporaneously to object to the jury instructions nor has he argued that he is actually innocent of the underlying crime, so this Court is precluded from considering his claims relating to the jury instructions insofar as procedural default was an independent and adequate state ground for the state court's rejection of those claims.

The text of the Massachusetts Appeals Court's decision might be interpreted to cast some confusion on whether the procedural default was actually the ground for that court's decision:

> Isolating two sentences in the judge's final instructions, the defendant claims that they may have led the jury to believe that proof of the absence of provocation sufficed for them to find malice. Because there was no objection at trial, we review to determine whether error, if any, created a substantial risk of a miscarriage of justice.

Rivera, 2009 WL 510512, at *2. The court then proceeded to analyze of the substance of Rivera's claims regarding the jury instructions, concluding that the instructions were not erroneous

5

and that there was no substantial likelihood of a miscarriage of justice. Id. at *4.

This method of analyzing criminal appeals based on claims defaulted at trial is not uncommon in Massachusetts appellate courts. See, e.g., Commonwealth v. Womack, 457 Mass. 268, 281 (2010); Commonwealth v. Taylor, 455 Mass. 372, 377 (2009). Limited review of this sort - assessing only whether there was a substantial likelihood of a miscarriage of justice - "does not work as a waiver of the contemporaneous objection requirement." Lynch, 438 F.3d at 45 (quoting Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004). Accordingly, this Court holds that the Massachusetts Appeals Court rejected Rivera's challenges to the jury instructions at his trial on the independent and adequate state ground that such challenges were procedurally defaulted by his failure contemporaneously to object to the instructions. As such, these challenges cannot properly be considered on a petition for habeas corpus absent a showing of cause and prejudice, which Rivera has not done.

## IV.  CONCLUSION

For the foregoing reasons, Rivera's petition for habeas corpus is DENIED without hearing.


       /s/ William G. Young   
       WILLIAM G. YOUNG
       DISTRICT JUDGE